## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**MICHAEL RIPPY,**

**Plaintiff,**                                            **Case No.:**

**v.**

**COMMUNITY MARKETS, INC.**
**d/b/a**
**HITCHCOCK'S MARKETS,**

**Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MICHAEL RIPPY (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against COMMUNITY MARKETS, INC. d/b/a HITCHCOCK'S MARKETS. (hereinafter referred as "HITCHCOCK'S" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); the Florida Civil Rights Act ("FCRA") as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages,

liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

### JURISDICTION & VENUE

1.    This is an action at law that raises a federal question under federal law.

2.    The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has supplemental jurisdiction over Plaintiff's state law claims.

3.    The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4.    Additionally, the events giving rise to this action occurred within this District.

### PARTIES

5.    Plaintiff was an employee of Defendant from October 2021 through March 27, 2024.

6.    Plaintiff was employed by Defendant in Newberry, Florida.

7.    Defendant operates one or more locations in the Central Florida area, including the Newberry location where Plaintiff was employed.

8.     Defendant employs more than fifty (50) employees within 75 miles of Newberry, Florida.

9.     Plaintiff was an "employee" as defined by the FMLA.

10.    Defendant is an "employer" as defined by the FMLA.

11.    Plaintiff was an "employee" as defined by the ADAAA and the FCRA.

12.    Defendant is an "employer" as defined by the ADAAA and the FCRA.

13.    As of the date of his termination, Plaintiff had been employed by Defendant for at least twelve (12) months.

14.    As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

## ADAAA AND FCRA STATUTORY PREREQUISITES

15.    At all times material hereto, Plaintiff suffered from a medical condition, which is a disabling medical condition under the ADAAA and the FCRA.

16.    Plaintiff was discriminated against based on his disability.

17.    Plaintiff is a member of a class of individuals protected by the ADAAA and the FCRA.

18.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA and the FCRA.

19.    Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA and the FCRA.

20.    At all times material to the allegations herein, Plaintiff was qualified for his position with Defendant.

21.    Plaintiff timely filed his Charge of Discrimination with the EEOC on July 31, 2024.

22.    The EEOC issued a Dismissal and Notice of Rights on February 21, 2025.

23.    Therefore, the Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

24.    Plaintiff has complied with all other ADAAA and FCRA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

25.    Plaintiff began working for Defendant on December 5, 2021.

26.    He most recently earned a weekly wage of approximately $1,100.00.

27.    Plaintiff was employed as a Market Manager.

28.    In March 2024, Plaintiff broke his foot in a non-work-related accident.

29.    Plaintiff's doctor recommended that he would need to be off his broken foot and therefore out of work for two to three weeks.

30.    Plaintiff provided his doctors' recommendation to Defendant and requested to be out of work for three weeks.

31.    However, Defendant refused to extend FMLA or any other medical leave to Plaintiff.

32.    Rather than providing Plaintiff with FMLA leave or any other medical accommodation, Defendant terminated Plaintiff's employment on March 27, 2024.

33.    Defendant did not engage in the interactive process to see if Plaintiff could continue to work.

34.    Plaintiff needed an accommodation, specifically, to have time off to broken foot.

35.    Defendant failed to allow for reasonable accommodation and instead terminated Plaintiff.

36.    Defendant was aware that Plaintiff had a condition that would entitle him to FMLA leave.

37.    Defendant terminated Plaintiff to prevent him continuing exercising his rights.

38.    Accordingly, the Company interfered with his rights.

39.    Plaintiff had been an employee in good standing until the end of his

employment.

40.    Defendant refused to accommodate Plaintiff.

41.    At the time of his termination, Plaintiff was qualified for his position.

42.    Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

43.    At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

44.    At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

45.    At the time of his termination, Plaintiff was eligible for FMLA leave.

46.    Plaintiff's notice for his need for FMLA leave was timely and approved.

47.    Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet.

48.    Defendant's actions constitute interference with Plaintiff's rights under FMLA.

49.    Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

50.    Plaintiff was treated differently than similarly situated non-disabled employees.

51.    Defendant discriminated against Plaintiff for needing time off due to his disability.

52.    Defendant terminated Plaintiff in retaliation for needing time off due to his disability.

## COUNT I
## INTERFERENCE UNDER THE FMLA

53.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-10, 13-14, 25-32, 36-38, 43-48, and 51, above as if fully set forth herein.

54.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

55.    Defendant was Plaintiff's employer as defined by the FMLA.

56.    Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

57.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

58.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

59.    Defendant's violations of the FMLA were willful.

60.    Plaintiff is entitled to recover attorneys' fees and costs pursuant to

42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

<u>**COUNT II**</u>
<u>**RETALIATION UNDER THE FMLA**</u>

61.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-10,

13-14, 25-32, 36-37, 43-47, 49, and 53, above as if fully set forth herein.

62.    Plaintiff was, at all times relevant, eligible for FMLA-covered

leave.

63.    Defendant was Plaintiff's employer as defined by the FMLA.

64.    Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

65.    Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

66.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

67.    Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

68.    Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

69.    Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

70.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

71.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

72. Defendant's violations of the FMLA were willful.

73. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

80. Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 11-12, 15-30, 33-35, 40-43, and 50-51, above as if fully set forth herein.

81. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

82. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

83.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

84.    Defendant denied Plaintiff reasonable accommodation as required by Federal law.

85.    Plaintiff is protected by the ADAAA:

    a.    Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b.    Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

86.    Defendant    was    at    all    material    times an    "employer" as envisioned and defined by the ADAAA.

87.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

88.    Defendant's    actions    unquestionably    constitute    disability discrimination in violation of the ADAAA, as amended.

89.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

90.    Alternatively, Defendant perceived Plaintiff as being "disabled,"

and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

91.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

92.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

93.    Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

94.    Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a member of a protected class as envisioned by the ADA.

95.    Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

96.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

97.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

98.    The conduct of Defendant, its agents, and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

99. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

100. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**<u>COUNT IV</u>**

## RETALIATION UNDER THE ADAAA

101.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 11-12, 15-30, 33-35, 40-43, 50, and 52, above as if fully set forth herein.

102.   Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

103.   Plaintiff was retaliated against by the Defendant due to his disability in violation of Federal law.

104.

105.   Defendant terminated Plaintiff because he requested time away from work to recover from his broken foot.

106.   Defendant terminated Plaintiff in violation of the ADAAA.

107.   Plaintiff is protected by the ADAAA:

    a.   Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b.   Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

108.   Defendant   was   at   all material times an "employer" as envisioned and defined by the ADAAA.

109.   Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

110.    Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

111.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

112.    Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

113.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

114.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

115.    Defendant does not have a non-discriminatory rationale for terminating Plaintiff.

116.    Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is a member of the protected class as envisioned by the ADA.

117.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

118.    The retaliation to which Plaintiff was subjected was based on his

disability and/or "perceived disability."

119.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

120.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

121.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

123.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 11-12, 15-30, 33-35, 40-43, 50-51, above as if fully set forth herein.

124.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

125.    Plaintiff has a disability and is a member of a protected class.

126.    Plaintiff was qualified for his current position.

127.    Plaintiff was subjected to the adverse employment action of being terminated.

128.    Plaintiff was treated less favorable than non-disabled, similarly situated employees.

129.    Defendant discriminated against Plaintiff because of his disability.

130.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his disability.

131.    The discrimination to which Plaintiff was subjected was based on his disability.

132.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

133. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

134. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

135. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

136. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages for emotional pain and suffering;

      e. Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

**COUNT VI**
**RETALIATION IN VIOLATION OF FCRA**

137.  Plaintiff re-alleges and adopts the allegations of paragraphs 1-8, 11-12, 15-30, 33-35, 40-43, 50, and 52, above as if fully set forth herein.

138.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

139.  At all material times, Plaintiff was qualified to perform his job duties.

140.  Defendant retaliated against Plaintiff because of his handicap or disability.

141.  Plaintiff engaged in statutorily protected activity when he requested medical accommodation.

142.  Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

143.  The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Injunctive relief;

      f.      Prejudgment interest;

      g.      Costs and attorney's fees; and

      h.      Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 22nd day of May, 2025.

Respectfully submitted,

*s/ Anthony J. Hall*
Anthony J. Hall, Esquire – LEAD COUNSEL
FL Bar No.: 0040924
J.P. Numa, Esquire
FL Bar No.: 1015371
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789

Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: ahall@theleachfirm.com
Email: jpnuma@theleachfirm.com
Email: maugello@theleachfirm.com
Attorneys for Plaintiff